```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PATRICIA COLQUITT,

                    Plaintiff,              05-CV-6405

              v.                             DECISION
                                             and ORDER
XEROX CORPORATION,

                    Defendant.
_____
```

## INTRODUCTION

Patricia Colquitt, ("plaintiff"), brings this action alleging that Xerox Corporation, ("defendant"), improperly discriminated against her on the basis of race and gender in violation of Title VII of the Civil Rights Act of 1964. Plaintiff has met the statutory requirements to proceed in forma pauperis and she is proceeding pro se. Plaintiff states that she filed her action within the statutory, 90-day time frame, but mistakenly filed the action in state court rather than in federal court. Defendant moves for a motion to dismiss because of plaintiff's failure to commence the action in federal court within 90 days of her receiving her "right to sue" letter.

## BACKGROUND

Plaintiff has been employed as an inspector for Xerox since 1988. She alleges that she has been the victim of racial and gender discrimination from 1993 to the present time.

Specifically, plaintiff maintains that she has been the victim of sexual and racial epithets, she has been "passed over" for promotions, she has limited special privileges (i.e., not being able to use the phone while other are allowed) all because of her race and gender. In addition, Colquitt cites incidents where she reported mistreatment by Caucasian male coworkers to her managers and nothing was done, but when female Caucasian employees made similar complaints, the male coworkers were disciplined.

On October 6, 2004, Colquitt filed a formal complaint with the New York State Division of Human Rights alleging race and gender discrimination. On January 25, 2005, the EEOC issued a dismissal and notice of a right to sue letter. On April 25, 2005, Colquitt filed her complaint in the State of New York Supreme Court, Wayne County. When plaintiff learned of her procedural error, she filed her complaint in federal court on August 1, 2005. On November 8, 2005, Xerox moved to dismiss the claim because plaintiff's federal court filing was made after the 90-day EEOC limit.

## DISCUSSION

The Court faces a difficult situation when "a litigant is proceeding pro se and fails to take the steps counsel would be expected to take in pursuing the action." Jones v. Bechtel, 788 F.2d 571,573 (9th Cir. 1986). Because of this inherent inequity,

courts have held that "pro se litigants are to be given special latitude." Armstrong v. Tucker, No. 97 Civ. 7388, 2000 U.S. Dist. LEXIS 2434, *5 (S.D.N.Y. Feb. 29, 2000). Moreover, "while the court is not to become an advocate, it is incumbent on it to take appropriate measures to permit adjudication of *pro se* claims on the merits, rather than to order dismissal on technical grounds." Donald v. Cook County Sheriff's Dep't, 95 F.3d 548, 555 (7th Cir. 1996).

In this case, Colquitt filed her complaint in state court with a good faith belief that she was timely. However she filed her complaint in the wrong court, that is, she failed to take the steps that counsel would be expected to take in pursuing the action. Because the filing error made by Colquitt was made without the aid of counsel, special latitude should be given here. Colquitt's complaint should be adjudicated on its merits and not be dismissed on technical grounds.

## CONCLUSION

For the reasons set forth above, I deny defendant's motion to dismiss.

ALL OF THE ABOVE IS SO ORDERED.

                          S/Michael A. Telesca
                           MICHAEL A. TELESCA
                        United States District Judge


Dated: Rochester, New York
December 14, 2005