```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
PATRICIA COLQUITT,

                        Plaintiff,           05-CV-6405

            v.                               **DECISION**
                                             **and ORDER**
XEROX CORPORATION

                        Defendant.
_____
```

## **INTRODUCTION**

Plaintiff, Patricia Colquitt ("plaintiff"), filed this action on August 1, 2005[1], alleging that her employer, Xerox Corporation ("defendant" and/or "Xerox"), improperly discriminated against her because of her race and gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq*. ("Title VII"). Specifically, plaintiff alleges that she has been the victim of sexual and racial epithets by Caucasian male employees, has not been afforded the same privileges as other employees (*i.e.* phone privileges), and was denied a promotion because of her race and gender.

Xerox moves to dismiss plaintiff's complaint for failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)") or pursuant to Rule 12 (c) of the Federal Rules, contending that the plaintiff's allegations, if true

---

[1] Plaintiff filed this action *pro se*, but attorney Steven V. Modica was subsequently appointed by this Court to represent plaintiff in this action after this motion to dismiss was filed.

1

fail to state a claim upon which relief can be granted. For the reasons set forth below, the defendant's motion to dismiss is granted in part and denied in part.

## BACKGROUND

The following facts are taken from the plaintiff's complaint, including documents and attachments incorporated by reference or upon which plaintiff relied in drafting the complaint, and are not findings of fact by the Court, but rather assumed to be true for the purposes of deciding this motion and are construed in the light most favorable to the plaintiff, the non-moving party. Plaintiff has been employed by Xerox since 1987 and claims that she has been the victim of racial and gender discrimination since 1993. See Complaint ("Compl.") ¶¶4-7. Plaintiff states that due to her race and/or gender, she was denied a promotion, yelled at, and subjected to various racial and gender epithets in the presence of management, and was denied the privilege to use the phone, although other employees were allowed. See Compl. ¶19. Plaintiff's complaint also alleges that although management was on notice of this mistreatment, they failed to respond to her complaints or such complaints were "laughed off." Id. Additionally, plaintiff contends that management has always responded to the complaints of Caucasian employees and that when a Caucasian female reported being mistreated by a male employee, the male employee was disciplined. Id., New York State Division of Human Rights("NYSDHR")and Equal

Employment Opportunity Commission ("EEOC") Charge of Discrimination ("EEOC Charge") ¶3[2].

In addition to the general allegations of mistreatment in the complaint, plaintiff also specifically states in the EEOC Charge that on February 5, 2004, a Caucasian male co-worker called her a "fat fucking nigger" and that later that day the same co-worker "cursed" at her. EEOC Charge ¶2. A manager was present for the first incident and a foreman was present for the second. Id. Plaintiff also claims that approximately six to eight weeks later, a different Caucasian male co-worker put his finger in her face and said, "I just want to use the phone, bitch." Id. In the EEOC Charge plaintiff states that Xerox did not investigate or respond to these incidents. Id.

On October 6, 2004, plaintiff filed a formal complaint with the NYSDHR and the EEOC alleging that she was the victim of a hostile work environment because of her race and gender in violation of Title VII. The EEOC issued a dismissal of the administrative charge and notice of right to sue letter on January

---

[2] Although review of a 12(b)(6) motion is typically limited to the pleadings, the Court may consider documents and attachments that are referenced in the complaint, documents and attachments that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or were known to the plaintiff when bringing suit. See Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002); see also Taylor v. Vermont Dep't of Educ., 313 F.3d 768, 776 (2d Cir. 2002); Kramer v. Time Warner, Inc., 937 F.2d 767, 773 (2d Cir. 1991). The Court may also consider documents of which judicial notice may be taken, including public records of the NYSDHR and EEOC. See Muhammad v. New York City Transit Auth., 450 F. Supp.2d 198, 204-205 (S.D.N.Y. 2006); Evans v. New York Botanical Garden, 2002 WL 2461934, at *1 n. 1 (S.D.N.Y. 2008).

25, 2005. Plaintiff then filed this action on August 1, 2005.[3] The defendant responded by filing the instant motion to dismiss.

## DISCISSION

### I. Standard of Review Under Rule 12(b)(6)

To withstand a motion to dismiss under Rule 12(b)(6), the complaint must plead facts sufficient "to state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 127 S.Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. Thus, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal citations and quotations omitted). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

---

[3] Plaintiff's case was determined by this Court to be timely, despite her failure to file the suit within 90 days of the EEOC dismissal as required under Title VII, as she had mistakenly filed suit within 90 days in New York State court and, as a *pro se* litigant, she should be afforded special latitude. See Docket number 7.

4

Determining whether a complaint meets the plausibility standard is "context-specific" and requires that the court "draw on its judicial experience and common sense." Id. at 1950. Additionally, the Second Circuit has emphasized that "when [a] plaintiff proceeds *pro se*,... a court is obliged to construe his pleading liberally....This obligation entails, at the very least, a permissive application of the rules governing the form of pleadings....This is particularly so when the *pro se* plaintiff alleges that her civil rights have been violated. Accordingly, the dismissal of a *pro se* claim as insufficiently pleaded is appropriated only in the most unsustainable of cases." See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008) (citations and quotation marks omitted); see also Weixel v. Bd. of Educ. Of the City of N.Y., 287 F.3d 138, 146 (2d Cir. 2002 (holding that when a plaintiff is appearing *pro se*, the Court shall "'construe [the complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests.'") (quotation omitted). Although the plaintiff is now represented by counsel, she was proceeding *pro se* at the time the EEOC charge and the complaint were filed. Therefore, for the purpose of this motion, this Court will consider the plaintiff's pleading liberally.

## II. Hostile Work Environment Claims Under Title VII

Title VII forbids an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or

5

privileges of employment, because of such individual's race, color, religion, sex, or national origin...." 42 U.S.C. §2000e-2(a). The Supreme Court has determined that Title VII is violated "[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult...that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Harris v. Forklift Systems, Inc., 510 U.S. 17, 21 (1993) (internal quotation marks and citations omitted); see also Mack v. Otis Elevator Co., 326 F.3d 116, 123 (2d. Cir. 2003). A plaintiff alleging that his employer violated Title VII by creating such a hostile work environment must show "[1] that the harassment was sufficiently sever or pervasive to alter the conditions of [his] employment and create an abusive working environment, and [2] that a specific basis exists for imputing the objectionable conduct to the employer." Alfano v. Costello, 294 F.3d 365, 373 (2d Cir. 2002); see also Quinn v. Green Tree Credit Corp., 159 F.3d 759, 766-7 (2d Cir. 1998) (holding that an employer can be held liable for the conduct of a co-worker if there was no reasonable avenue for complaint or the employer knew of the conduct and did nothing about it).

The test to determine whether plaintiff was the victim of a hostile work environment "has objective and subjective elements: the misconduct shown must be 'severe or pervasive enough to create an objectively hostile or abusive work environment,' and the victim

6

must also subjectively perceive that environment to be abusive." Alfano, 294 F.3d at 374 (quoting Harris, 510 U.S. at 21). The incidents of which a plaintiff complains "must be more than episodic; they must be sufficiently continuous and concerted in order to be deemed pervasive." Carrero v. New York City Housing Auth., 890 F.2d 569, 578 (2d Cir. 1989). The "[m]ere utterance of an...epithet which engenders offensive feelings in an employee would not affect the conditions of employment to a sufficient degree to violate Title VII." See Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 67 (1986). In order for "comments, slurs, and jokes to constitute a hostile work environment, there must be more than a few isolated incidents of...enmity. Isolated incidents or episodic conduct will not support a hostile work environment claim." Richardson v. NY State Dep't of Correctional Serv., 180 F.3d 426, 437 (2d Cir. 1999). The Court must look at the totality of the circumstances, including the frequency and severity of the discriminatory conduct, whether such conduct is physically threatening or humiliating, and whether such conduct unreasonably interferes with the plaintiff's work performance. See Harris 510 U.S. at 23.

### A. Gender Discrimination

Plaintiff alleges that she was the victim of gender discrimination based on an isolated incident where a co-worker put his finger in her face and said, "I just want to use the phone,

7

bitch." EEOC Charge ¶2. The case law is clear that this isolated epithet is insufficient to create a hostile work environment under Title VII.[4] See Richardson, 180 F.3d at 437. Therefore, this Court grants the defendant's motion to dismiss with respect to plaintiff's Title VII claim for a hostile work environment based upon gender discrimination.

B. Racial Discrimination Based on a Hostile Work Environment

Defendant moves to dismiss plaintiff's claim for racial discrimination, arguing that the isolated incidents alleged in the complaint do not rise to the level of a hostile work environment. See Defendant's Memorandum of Law at VII. Defendant also contends that the conduct of plaintiff's co-workers cannot be imputed to Xerox in this case, because Xerox provided a reasonable procedural avenue for complaint and Xerox adequately responded to the alleged incidents. Id. at 24-25. Construing the plaintiff's allegations liberally and taking all plausible factual allegations as true, this Court finds that the plaintiff's claim for discrimination on the basis of race based on a hostile work environment is sufficiently plausible to withstand a motion to dismiss pursuant to Rule 12(b)(6). Therefore, this Court denies the defendant's motion to dismiss the plaintiff's claim for racial discrimination based on a hostile work environment.

---

[4] Plaintiff conceded in her opposition that this incident may not rise to the level of mistreatment required to sustain a claim for gender discrimination under Title VII. See Plaintiff's Reply at 8.

8

Plaintiff alleges that she was the victim of racial epithets and that this abuse was reported to and/or witnessed by her supervisors or managers who failed to respond. She also contends that Caucasian employees who experienced abuse by other co-workers have been treated differently than her. Specifically, she alleges that another female employee complained to Xerox of abuse by a male employee, and that male employee was disciplined, yet plaintiff's complaints have not been addressed. Plaintiff alleges that her complaints have not been addressed. She states that management has simply "laughed off" the abuse that she has experienced. While plaintiff's EEOC Charge mentions only two isolated incidents of abuse and the corresponding lack of action by defendant, her Federal complaint suggests that this abuse has continued and that she has been the victim of continuous racial epithets since the February 2004 incident of which she complained to the EEOC. See Compl. At 5-7, 19. Additionally, the complaint suggests that such abuse may have accelerated into other racially discriminatory conduct by the defendant. For example, the plaintiff alleges that she was denied a promotion and the privilege to use the phone although other employees were permitted. While plaintiff does not specifically state that these actions by Xerox were racially motivated, and while, as described below, these claims have not been administratively exhausted, this Court has considered these allegations broadly and in connection with the rest of plaintiff's

complaint to determine that it is plausible that they could be part of a long-term record of mistreatment related to the plaintiff's claim for racial discrimination based on a hostile work environment.[5] See Harris 510 U.S. at 23 (holding that a court must take into consideration the totality of the circumstances in deciding whether the plaintiff is the victim of a hostile work environment).

Plaintiff's claim for racial discrimination, when viewed in the light most favorable to the plaintiff, and when construed broadly as required where the plaintiff is proceeding *pro se*, plausibly describes an objectively hostile work environment that could have reasonably interfered with the plaintiff's ability to work. Additionally, the plaintiff's allegations that the defendant knew of the mistreatment and did nothing about it is sufficient to withstand this motion to dismiss. Therefore, this Court finds that, when construed liberally, plaintiff has demonstrated a plausible claim for relief based on a hostile work environment under Title VII with respect to her claim for racial discrimination based on a hostile work environment.

### C. Racial Discrimination Based on the Failure to Promote and the Denial of Privileges

It is well settled that prior to bringing an employment

---

[5] As plaintiff admits in her opposition, several of the contentions made in the complaint are not sufficiently related to her claim for discrimination on the basis of race to warrant consideration (for example, her claim that she has been accused of lying when she has gone to the doctor and her claim that she is laughed at for reading the bible at work).

discrimination claim in federal court, a plaintiff must first exhaust his or her administrative remedies by filing a complaint with the EEOC, or with a state agency authorized to investigate the allegations. 45 U.S.C. § 2000e-5(c)(Title VII claims); 29 U.S.C. §§ 626(d), 633(b). In this case, plaintiff complied with that requirement by filing an administrative complaint with the NYSDHR on October 5, 2004. However, plaintiff alleged only that she was the victim of racial and gender discrimination based on a hostile work environment related to several incidents where she was the victim of epithets in violation of Title VII. <u>See</u> EEOC Charge. Plaintiff failed to raise her claim that she was also subject to racial discrimination based on the defendant's failure to promote her and the denial of phone privileges. While this Court has considered these allegations in connection with its finding that the plaintiff has stated a plausible claim for relief based on a hostile work environment, as part of the totality of the circumstances, plaintiff cannot now assert these claims as separate claims for relief for racial discrimination unless she has shown that the conduct of which she complains is reasonably related to the conduct complained of in the EEOC Charge. <u>See</u> <u>Holtz v. Rockefeller & Co., Inc.</u>, 258 F.3d 62, 83 (2nd Cir. 2001). Conduct may be considered reasonably related where: (1) the conduct complained of in the federal complaint can reasonably be expected to grow out of the administrative claims of discrimination and

11

therefore fall within the administrative investigation; (2) the conduct is retaliatory; or (3) the conduct complained of in the federal complaint is identical to conduct that was alleged in the administrative complaint. <u>Butts v City of New York Dept. of Hous. Pres. & Dev.</u>, 990 F2d 1397, 1401-1403 (2nd Cir. 1993). Here, the plaintiff has not demonstrated that the failure to promote or the denial of phone privileges, even if racially motivated, could reasonably grow out of the incidents of which she complained in the EEOC Charge, which consisted of a series of racial epithets by co-workers and the corresponding lack of response by management. She has also not shown that they were retaliatory in nature, or that they were identical to the conduct complained of in the EEOC Charge. By failing to raise these claims in her EEOC Charge, as is required by law, plaintiff has prevented the administrative agency from adequately investigating the allegedly discriminatory practice of the defendant and, accordingly, plaintiff cannot now separately raise these claims for racial discrimination in her Federal complaint. Therefore, defendant's motion to dismiss plaintiff's claim for racial discrimination based on the failure to promote and the denial of phone privileges is granted.

## CONCLUSION

For the reasons set forth above, defendants' motion to dismiss is granted with respect to the plaintiff's claim for gender

discrimination and for racial discrimination based on the failure to promote and the denial of phone privileges. However, Defendant's motion to dismiss plaintiff's claim for racial discrimination based on a hostile work environment is denied.

**ALL OF THE ABOVE IS SO ORDERED.**

s/Michael A. Telesca
MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         October 7, 2010