```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
PATRICIA COLQUITT,

                        Plaintiff,         05-CV-6405

              v.                            DECISION
                                            and ORDER
XEROX CORPORATION,

                        Defendant.
_____
```

## INTRODUCTION

Plaintiff, Patricia Colquitt ("Plaintiff"), brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. ("Title VII") against her employer Xerox Corporation ("Defendant" or "Xerox"), alleging that she was the victim of a hostile work environment. Plaintiff, now represented by counsel[1], filed her Complaint, *pro se*, on August 1, 2005. In a Decision and Order dated October 7, 2010, this Court granted-in-part and denied-in-part Defendant's motion to dismiss the *pro se* complaint. (Docket No. 28.) The only remaining claim is for a hostile work environment in violation of Title VII.

Defendant now moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure ("Rule 56") contending that there are no material issues of fact and it is entitled to judgment as a matter of law. (Docket No. 44.)  Plaintiff opposes the motion

---

[1] This Court appointed Steven V. Modica, Esq. to represent the Plaintiff on December 14, 2005.

contending that there are material issues of fact. (Docket No. 47-48.) For the reasons set forth herein, the Court grants Defendant's motion for summary judgment. Plaintiff's complaint is hereby dismissed with prejudice.

## BACKGROUND

The following facts are taken from the parties' submissions pursuant to Local Rule 56(a) and are not in dispute except where noted. (Docket No. 44, 48.) Plaintiff is an African American female who is currently employed by Xerox. Plaintiff has worked at Xerox for more than 24 years. During the relevant time period, February through May 2004, Plaintiff was employed as a V6 inspector in the quality department.

On February 5, 2004, plaintiff complained to Frank Fullone and Rockwell Powers, her manager and supervisor, respectively, that a coworker, Kenneth Matthews, called her a "fat fucking nigger." Later that same day, in front of Powers, Matthews "cursed" at her again. Plaintiff does not specify what Matthews said in the second conversation, nor does she allege that it was a racially-based comment. Plaintiff also later complained to Chuck Goldsby, Xerox Industrial Relations Manager, about this incident.

Later, in May 2004, a Xerox employee who worked in another workgroup, Marty Gabner, yelled at Plaintiff, "I just want the fucking data," while they were discussing a problem with a part, for which Plaintiff was responsible for processing data.

The parties disagree on whether Fullon, Powers and Goldsby took the appropriate actions in response to the two incidents, but they agree that these incidents were isolated.  Plaintiff had no further problems with either Matthews or Gabner.

Fullone testified that he spoke with Matthews and Gabner regarding both incidents.  Fullone also testified that he spoke with Plaintiff's entire workgroup following the Matthews incident, indicating that such conduct would not be tolerated.  Plaintiff admits that Goldsby conducted an investigation into the Matthews incident to determine if other workgroup members had any similar issues.  No other member of Plaintiff's workgroup reported any similar incident during the course of the investigation.

Plaintiff testified that she did not believe that Fullone talked to Matthews regarding the February 2004 incident and that when she spoke with Fullone he stated, "[c]ome on, it's not that serious."  She testified that either Powers or Fullone spoke to Gabner after the second incident, but Gabner was not disciplined for the comment.

Lastly, Plaintiff testified that when a Caucasian male made derogatory comments over the course of several weeks to a Caucasian female coworker, he was suspended. Plaintiff asserts this fact in support of her claim that Xerox did not appropriately discipline Matthews and Gabner, and that this inaction was discriminatory in nature.

**DISCUSSION**

Rule 56 provides that, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When considering a motion for summary judgment, all genuinely disputed facts must be resolved in favor of the party against whom summary judgment is sought. See Scott v. Harris, 550 U.S. 372, 380 (2007). If, after considering the evidence in the light most favorable to the nonmoving party, the court finds that no rational jury could find in favor of that party, a grant of summary judgment is appropriate. See Id. at 380 (citing Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-587).

Plaintiff's only remaining claim is that she was subjected to a hostile work environment in violation of Title VII. A plaintiff alleging a claim for a hostile work environment must establish "[1] that the harassment was sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive working environment, and [2] that a specific basis exists for imputing the objectionable conduct to the employer." Alfano v. Costello, 294 F.3d 365, 373 (2d Cir. 2002); see also Quinn v. Green Tree Credit Corp., 159 F.3d 759, 766-7 (2d Cir. 1998) (holding that an employer can be held liable for the conduct of a co-worker if

there was no reasonable avenue for complaint or the employer knew of the conduct and did nothing about it).

The test to determine whether plaintiff was the victim of a hostile work environment "has objective and subjective elements: the misconduct shown must be 'severe or pervasive enough to create an objectively hostile or abusive work environment,' and the victim must also subjectively perceive that environment to be abusive." Alfano, 294 F.3d at 374 (quoting Harris v. Forklift Systems, Inc., 510 U.S. 17, 21 (1993)). The incidents of which a plaintiff complains "must be more than episodic; they must be sufficiently continuous and concerted in order to be deemed pervasive." Carrero v. New York City Housing Auth., 890 F.2d 569, 578 (2d Cir. 1989). The "[m]ere utterance of an ethnic or racial epithet which engenders offensive feelings in an employee would not affect the conditions of employment to a sufficient degree to violate Title VII." Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 67 (1986). In order for "comments, slurs, and jokes to constitute a hostile work environment, there must be more than a few isolated incidents of racial enmity. Isolated incidents or episodic conduct will not support a hostile work environment claim." Richardson v. NY State Dep't of Correctional Serv., 180 F.3d 426, 437 (2d Cir. 1999), *abrogated on other grounds*. The Court must look at the totality of the circumstances, including the frequency and severity of the discriminatory conduct, whether such conduct is physically

threatening or humiliating, and whether such conduct unreasonably interferes with the plaintiff's work performance. See Harris 510 U.S. at 23.

Here, considering the totality of the circumstances, it is clear that Plaintiff has not met her burden of coming forth with sufficient evidence to support a claim for a hostile work environment. The three incidents were isolated, and Plaintiff admittedly had no further problems with either Matthews or Gabner. The Court also considers that only one of the comments was race-related. While this comment is abhorrent, it does not rise to the level of severity or pervasiveness indicative of a hostile work environment. See Tomka v. Seiler Corp., 66 F.3d 1295, 1305 (2d Cir. 1995).

Plaintiff's allegation that an incident of harassment between two Caucasian coworkers was handled differently does not support her claim that she was subjected to a hostile work environment. First, Plaintiff testified that the harassment complained of by her Caucasian coworker continued, unabated for weeks. Here, in contrast, Plaintiff was subjected to one racial epithet and two other inappropriate comments. She was not subjected to weeks of continuous inappropriate behavior that may be expected to alter the conditions of her workplace. Rather, she had no further problems after she complained of the conduct. The fact that Williams and Gabner were not suspended or otherwise severely disciplined is not

relevant in this case, as Plaintiff is not similarly situated to her Caucasian coworker who endured weeks of harassment. See Orville v. Staten Island University Hosp., 196 F.3d 89, 95-6 (1999). Accordingly, it is not indicative of racial discrimination that the Caucasian coworker's harasser was suspended for his conduct and Williams and Gabner were not similarly disciplined.

The Court need not consider Defendant's alternate contentions for granting summary judgment, as the Court finds that Plaintiff has not presented evidence from which a reasonable jury could conclude that she was subjected to a hostile work environment. Accordingly, Defendant's motion for summary judgment is granted. Plaintiff's complaint is hereby dismissed with prejudice.

**ALL OF THE ABOVE IS SO ORDERED.**

                                                 s/ Michael A. Telesca
                                                 MICHAEL A. TELESCA
                                    United States District Judge

Dated:   Rochester, New York
           May 25, 2012